UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-84-H

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **STIPULATION AND ORDER REGARDING** |
| ) | **PROTECTION OF GOVERNMENT DISCOVERY** |
| MITTESH DAS, ) | |
| Defendant ) | |

It is hereby stipulated and agreed between the United States and Defendant MITTESH DAS, by and through his attorneys, Robert H. Citronberg and William M. Dowling, and ORDERED by the Court pursuant to Federal Rule of Criminal Procedure 16(d), that:

**CONTEXT**

1. The investigation by the Government into Defendant DAS' alleged criminal conduct resulted in the Government obtaining copies of digital evidence. This evidence includes copies of Government computer servers (hereinafter "Server Evidence") as well as a copy of a Government work laptop that had been in Defendant DAS' possession (hereinafter, "Laptop Evidence"). The present document pertains only to the Server Evidence and Laptop Evidence (or copies of either) in the above named case.

2. The Government has determined that the Server Evidence contains a vast amount of Personally Identifiable Information

(PII) relating to thousands of U.S. military members.[1] This is sensitive information that the Government seeks to protect from unnecessary disclosure. For this reason, the Government is allowing Defense access to a copy of the Server Evidence, but is not providing a copy of the Server Evidence that may be removed from Government facilities.[2] Under the procedures and protocols set forth below, the Defense may copy portions of the Server Evidence, which copy the Defense may remove from Government facilities, control, and oversight.

3. The Government will permit Defense access to the original Laptop Evidence.[3] Under the procedures and protocols set forth below, the Defense may copy the entirety of the original Laptop Evidence, which copy may then be removed from Government facilities, control, and oversight.

**PROCEDURES AND PROTOCOLS**

4. Any and all discovery material produced to Defendant DAS by the Government, and any copies, notes, transcripts,

---

[1] PII is defined as "Information used to distinguish or trace an individual's identity, such as name, social security number, date and place of birth, mother's maiden name, biometric records, home phone numbers, other demographic, personnel, medical, and financial information. PII includes any information that is linked or linkable to a specified individual, alone, or when combined with other personal or identifying information." See e.g., *DoD Privacy Program*, DoD Directive 5400.11 (October 29, 2014).

[2] The Government did not seize the actual servers; thus the evidence pertaining to the servers are forensically created copies.

[3] Unlike the servers, the Government did seize and has possession of the actual laptop; Brand: Dell; Model: Latitude E6510; Serial Number: GYZDNM1

documents or other information derived or prepared from the discovery material produced to Defendant DAS, shall not be further disseminated by Defendant DAS or his attorneys to any individuals, organizations or other entities, other than members of the legal staff of the undersigned defense counsel (including any expert acting in this matter at the request and direction of defense counsel), without further order of the Court.

5. Each of the individuals to whom disclosure is authorized (Defense Counsel, members of the Defense legal staff, experts employed by the Defense) shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material, except in conformity with this Stipulation and Order. Each individual will sign a copy of this Stipulation and Order, which Defense counsel shall maintain.[4] Upon request, Defense counsel will provide a copy to the Government and the Court.

6. Upon a showing of proper identification, as required by Fort Bragg Army base for visitors, members of the Defense

---

[4] If either Defendant obtains substitute or additional counsel, the undersigned defense counsel will not transfer any portion of the discovery material, or any copies, notes, transcripts, documents or other information derived or prepared from such material, unless and until the substitute or additional counsel enters into this Stipulation and Order.

(including counsel, legal staff, and employed experts; excluding Defendant DAS himself) will be granted access to Fort Bragg upon a time and date jointly agreed upon by the parties for evidence review.

7. In order to accomplish this review, the Defense will bring their own analysis tools (equipment and/or software). These tools may be utilized to conduct the necessary analysis so long as they are not used in contravention to any direction provided within this document. The Defense tools and their resulting analysis remain the private property of the defense.

8. The Defense will be provided a private examination space in order to conduct their review. This space will contain sufficient electrical outlets for the defense to power their own equipment. The Defense members will log times of entry and exit from the evidence examination space.

9. The Defense will be provided with forensically created mirror images of the Government forensic images of the Server Evidence.

10. **With the exception of any data containing PII of any individual other than Defendant DAS**, the Defense will be permitted to copy any data from these copies of the Server Evidence. The Defense may make these copies in any manner they choose. Thus, while permitted to copy portions of the Server Evidence, the Defense is **NOT** permitted to digitally or manually

copy any data or information containing PII, unless that PII relates to Defendant DAS.

11.  The Defense need not disclose to the Government what they have chosen to copy or not copy.

12.  The Defense may take their copies of portions of the Server Evidence for their own review, analysis, and use in the defense of Defendant DAS.

13.  However, upon termination of Defense counsel's representation in this matter or upon the conclusion of any direct appeal, whichever comes first, the Defense will return to the Government any discovery material or copies thereof relating to the Server Evidence.[5]

14.  The Defense will be provided with the actual Government Laptop that was seized from DAS's person and which had previously been issued to DAS.

15.  Under observation, the Defense will be permitted to create a forensic copy of the original Laptop Evidence. The Defense will apply standard precautions and best practices in creating this forensic image as determined by a Government expert in the field of digital forensics. Failure to abide by these

---

[5] The referenced discovery materials and copies thereof apply only to those relating to the Server Evidence. Moreover, this is intended to capture only that which was provided originally from the Government or any subsequent copies of this evidence; it expressly excludes any Defense created work product. If materials qualify as those that must be returned, it does not matter whether they are in the possession of Defendant, defense counsel, members of the defense counsels' legal staff, or are employed experts who have signed this Stipulation and Order.

practices will preclude any member of the Defense from interacting with the Laptop Evidence.

16. The Defense may take these copies of the Laptop Evidence for their own review, analysis, and use in the defense of Defendant DAS. The Defense is not required to later return these copies of the Laptop Evidence to the Government.

17. Nothing in this Stipulation and Order shall preclude the Government from seeking a modification of this protective order or additional protective orders pursuant to Rule 16(d).

18. Any violation of this Stipulation and Order (a) will require the immediate return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of Court.

19. This Order is entered without prejudice to any party's right to seek a revision of the Order by appropriate motion to the Court.

STIPULATED AND AGREED TO BY:

**For the United States:**

    JOHN STUART BRUCE
    United States Attorney

    */S/ Jason M. Kellhofer*
    Jason M. Kellhofer
    Assistant United States Attorney
    310 New Bern Avenue, Suite
    800 Raleigh, NC 27601
    Tel: 919-856-4874
    Fax: 919-856-4487
    Email: jason.kellhofer@usdoj.gov

**For Defendant MITTESH DAS:**

ROBERT H. CITRONBERG

*/s/ Robert H. Citronberg*
Robert H. Citronberg
The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303-1911
Tel: 404-522-7450
Fax: 404-688-7440


WILLIAM MICHAEL DOWLING

*/s/ W. Michael Dowling*
William Michael Dowling
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
1700 Wells Fargo Capital Center
Raleigh, NC 27601
Tel: 919-57306223
Fax: 336-232-9223



So ordered, the 21st day of February 2017.

MALCOLM J. HOWARD
Senior United States District Judge