IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16CR00084-001H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| MITTESH DAS, | ) | |
| | ) | |
| Defendant. | ) | |

FILED SEP 11 2018 PETER A. MOORE, JR., CLERK US DISTRICT COURT, EDNC BY ___ DEP CLK

The Court, upon consent of the United States of America ("United States"), and Defendant Mittesh Das ("Defendant"), (collectively, "Parties"), hereby ORDERS as follows:

1. The Court has ordered Defendant to pay $1,500,001 in restitution. Defendant agrees that a total amount of $750,000 shall be paid at Defendant's sentencing and applied to Defendant's criminal monetary penalties. Defendant agrees that the remaining restitution balance is due and payable in full immediately.

2. For the remaining restitution balance, Defendant agrees to pay a minimum of 25 percent of his gross monthly income to the United States District Court. All payments made pursuant to this paragraph shall be made with bank-certified funds and credited to the balance owed by Defendant in the above-captioned criminal case. Said monthly payments shall begin 60 days after Defendant's release from prison, and shall be due on the first day of each month

1

thereafter until the debt is either paid in full or until this Consent Order is amended by the Parties pursuant to paragraph 11 below. There is no grace period for any missed monthly payments. Defendant's failure to make a payment on the first day of each month shall result in a default.

3. Defendant can make higher monthly payments or pay the balance of his criminal monetary penalties at any time with no pre-payment penalty.

4. All payments made by Defendant pursuant to this Consent Order shall be made payable to:

U. S. District Court

and mailed to:

P. O. Box 25670
Raleigh, North Carolina 27611

The court number 5:16CR00084-001H shall be included on each check to ensure that the funds are credited properly.

5. Defendant agrees that the terms and conditions of this Consent Order are final. If incarcerated, Defendant agrees that this Consent Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

6. Within one year of his release from prison, or one year

2

after Defendant begins serving probation (if he does not receive a custodial sentence), Defendant agrees to provide the United States with a completed Financial Statement of Debtor, along with all attachments and required documentation. The United States will use those financial disclosures to determine whether Defendant's monthly payments need to be adjusted upward, or if further collection action is necessary. Thereafter, Defendant agrees to provide updated financial disclosures upon request from the United States, but no more than once per year. In the event that Defendant defaults on any terms under this Consent Order, he agrees to provide full financial disclosures to the United States within 30 days of said default, including but not limited to completing a Financial Statement of Debtor. The United States may request, and Defendant shall provide, any and all documents relating to his financial condition, including, but not limited to, joint or individual (if filing separately) state and federal tax returns and the tax returns for any businesses that Defendant owns, has an interest in, or participates in, including all schedules and attachments; all bank account statements (including copies of deposits and checks), for every bank account to which Defendant has access or signature authority, or in which Defendant has an interest (including but not limited to personal accounts, joint accounts, and business accounts); and an updated financial affidavit for Defendant and for any business that Defendant owns,

has an interest in, or participates in.

Furthermore, if Defendant defaults on any of his obligations under this Consent Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Consent Order and Defendant's criminal judgment.

7. Nothing in this Consent Order prevents the United States from pursuing administrative offsets, including those by the Internal Revenue Service. Defendant expressly consents to any administrative offsets. Any payments applied as a result of an administrative offset shall be credited to the existing balance of Defendant's monetary penalties, but shall not offset or impact any other payments or conditions required in this Consent Order.

8. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner. Specifically, the United States shall be entitled to pursue any and all remedies allowed by law to collect the debt reflected in Defendant's criminal judgment.

9. Each party represents that this Consent Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

10. This Consent Order is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under

this Consent Order shall be the United States District Court for the Eastern District of North Carolina.

11. This Consent Order constitutes the complete agreement between the Parties and cannot be amended except by written consent of the Parties or by motion to and order from the Court.

12. The United States' signatories represent that they are signing this Consent Order in their official capacities and that they are authorized to execute this Consent Order.

13. This Consent Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

14. This Consent Order is binding on Defendant and each of his successors, transferees, heirs, and assigns.

15. Defendant shall promptly notify the United States Attorney's Office, Financial Litigation Unit, 310 New Bern Avenue, Suite 800, Raleigh, NC 27601, if his physical or mailing address changes.

16. The Parties will sign any other reasonable documents necessary to effectuate the terms of this Consent Order.

17. The Effective Date of this Consent Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Consent Order.

SO ORDERED this 11th day of September, 2018.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

WITH CONSENT:

*[signature]*　　　　　　　　　　　　　　　　DATE: 9/11/18
MANUBIR S. ARORA
Attorney for Defendant

*[signature]*　　　　　　　　　　　　　　　　DATE: 9/11/2018
MITTESH DAS
Defendant

ROBERT J. HIGDON, JR.
United States Attorney

*[signature]*　　　　　　　　　　　　　　　　DATE: Sept. 11, 2018
BY: C. MICHAEL ANDERSON
Assistant United States Attorney
Attorney for United States of America

6